IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

           Plaintiff,

Vs.                                            No.  05-40004-01-SAC

MICHAEL BRENMAN,

           Defendant.

MEMORANDUM AND ORDER

The sentencing hearing in this case is scheduled for the afternoon of June 29, 2005.  The defendant pleaded guilty to an information that charged him with illegal reentry following deportation in violation of 8 U.S.C. § 1326(a).  The statutory maximum disclosed at the change of plea hearing was two years in accordance with the terms of § 1326(a).  The Presentence Report in this case recommends a guideline range of 57 to 71 months.  The length of this sentence is largely due to the sixteen-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) for being deported following a felony drug trafficking conviction.

The defendant filed objections to the PSR.  The government filed no objections but represented that the parties had intended by the plea to the information to cap the defendant's sentence at twenty-four months.  Considering

itself morally bound to this unwritten arrangement, the government said it would join the defendant's request for a downward departure to a sentence of not more than twenty-four months.  And if their joint departure motion was not granted, the government agreed that the defendant should be allowed to withdraw his plea.  The parties discussed their positions with the court in a conference call.

The defendant recently filed a notice announcing the withdrawal of his objections to the PSR.  In addition, the defendant submits a sentencing memorandum that repeats the government's agreement to request a sentence of twenty-four months and asks the court to consider a sentence of six to twelve months after weighing the different factors under 18 U.S.C. § 3553(a).  The defendant emphasizes that some discretion has been restored to sentencing courts by *United States v. Booker*, 125 S. Ct. 738, 757 (2005), which remedied the Sixth Amendment infirmity in the Guidelines by making them effectively advisory rather than mandatory.  The Sentencing Reform Act still "requires a sentencing court to consider Guidelines ranges, *see* 18 U.S.C.A. § 3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* 3553(a) (Supp. 2004)."  *Id*.

By the terms of 18 U.S.C. § 3553(a), the court must arrive at and "impose a sentence sufficient, but not greater than necessary, to comply with the

purposes of sentencing set forth" here:

> (2) the need for the sentence imposed–
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2). In doing so, the court is called upon by statute to consider these other relevant factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> . . . .
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . [issued by the Sentencing Commission];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). By the terms of this statute, a sentencing court must consider the established guideline sentencing range, listed as (4), as one of the factors relevant in arriving at sentencing. Thus, a sentencing judge is no longer required to mandatorily apply the Guidelines, but they remain important to the overall reasonableness of any sentence imposed after *Booker*. *See United States v.*

3

*Gonzalez-Huerta*, 403 F.3d 727, 738 (10th Cir. 2005).

Several § 3553(a) factors, in the defendant's judgment, justify tailoring the defendant's guideline sentence to the range of six to twelve months. Focusing on his personal history and characteristics, the defendant comments on the life he has established in the United States over the past decade, including his marriage, family, religious community, and employment, and his assimilation into American society. On this issue, the court has received and read letters submitted by family and friends on the defendant's behalf. The defendant suggests the significance of his prior felony drug trafficking conviction is diminished by his pending direct appeal. The defendant devotes much attention to his motive for returning, that is, his desire to be with his family who had remained in the United States to care for ill relatives. In the defendant's estimation, his deportation after imprisonment means less need for an extended incarceration to protect the public. Finally, the defendant questions whether it promotes respect for the law to sentence the defendant to a term of imprisonment longer than he would have received if he had been prosecuted in a border state which offered an early disposition program as recognized in U.S.S.G. § 5K3.1.

The criminal sale of MDMA and the possession of a weapon are serious convictions, as corroborated by the sentences imposed and the nearly two

years of imprisonment served.  When a defendant has a serious criminal history, this court accords little weight to a defendant's claim that he was culturally assimilated into the mores, ethics and laws of the United States.  *See United States v. Mariscal-Regaldo*, 2004 WL 3037967, *1 (D. Kan. 2004).  Nor does the pendency of his direct appeal from those convictions materially diminish the significance of that criminal history for purposes of this sentencing.

It appears from the defendant's submissions that his wife and child were planning to move to Israel in 2004 after he was deported, but his wife was forced to stay in order to care for relatives who were battling serious illnesses.  The defendant's family intends to join him in Israel when he is deported after this imprisonment and the resolution of extradition proceedings.  The defendant says he reentered the country only in an effort to be reunited with his family.  In illegal reentry cases, a defendant frequently will say he missed his family and his motive was to rejoin them.  While it certainly appreciates one's abiding love for his family, the court also recognizes that the law does not prevent deported persons from expressing their love for those separated from them in other ways than violating the law by reentering the country.  In returning to the United States less than four months after his deportation, the defendant displayed an almost immediate refusal to accept what the law required of his family living arrangements even for the

temporary basis described by him. The court sees the defendant's attitude displayed in this conduct as raising justifiable concerns of deterrence and public safety that more than offset any mitigating effect from these circumstances.

The defendant briefly refers to the fast track programs available in border jurisdictions and incorrectly assumes he would have been sentenced to a term shorter than the twenty-four months now contemplated by the parties' joint motion in this court. Section 5K3.1 recommends a departure of not more than four levels for a defendant's participation in an early disposition program that is authorized by the Attorney General of the United states and the United States Attorney. A full four-level departure in this case would have resulted in a guideline sentencing range of 37 to 46 months.

After considering the different factors under § 3553(a) argued by the defendant, the court is convinced that a sentence of twenty-four months is appropriate and sufficient, but not greater than necessary, to comply with the purposes of sentencing.

**IT IS THEREFORE ORDERED** that the above discussion and findings will serve as part of the court's statement of reasons for its imposition of the particular sentence.

Dated this 29th day of June, 2005, Topeka, Kansas.

                s/ Sam A. Crow
                Sam A. Crow, U.S. District Senior Judge